Chicago Railway Company having prosecuted a separate appeal, for which see Gen. No. 22,934, *ante,* p. 384.

This cause of action arose out of the same accident involved in the cases of *Kittier v. Chicago & W. I. R. Co.,* 203 Ill. App. 439, and *Levitan v. Chicago City Ry. Co.,* 203 Ill. App. 441.

WORTH E. CAYLOR, for appellant.

EDWARD J. GREEN and A. H. RANES, for appellee; HARRY F. BREWER, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1793*—*when judgment reversed against all joint defendants.* Where a judgment against three defendants is reversed as to two of the defendants, it must likewise be reversed as to the third defendant.

---

## Adolph H. Bernstein, Appellee, v. George J. Langowsky, Appellant.

### Gen. No. 22,898.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 9, 1917.

### Statement of the Case.

Action by Adolph H. Bernstein, plaintiff, against George J. Langowsky, defendant, to recover the sum

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of $200 paid as earnest money to defendant as agent for one Mrs. Steen in a real estate transaction, whereby plaintiff had agreed to purchase from her certain real estate. From a judgment for plaintiff for $200, defendant appeals.

JAMES F. HUTCHISON and HARRY C. DIAMOND, for appellant.

JAMES S. WIGHT, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 94*—*when rescission of contract by purchaser is proper*. The mere fact that a purchaser of real estate demands a fulfillment of the agreement on the part of the vendor does not consummate the sale nor does it preclude the purchaser from rescinding the contract when he discovers the futility of making further demand, owing to a sale of the property to a third person.

2. LIMITATION OF ACTIONS, § 24*—*when cause of action for recovery of earnest money paid on contract for purchase of real estate accrues*. An action to recover the earnest money paid on a contract for the purchase of real estate in the hands of a broker accrues when the purchaser, upon discovering that the vendor sold the property to another person, notifies her in writing of the rescission of the contract and demands return of the earnest money.

3. VENDOR AND PURCHASER, § 105*—*what does not constitute unreasonable length of time for rescission of contract for the purchase of real estate*. A delay by the purchaser of real estate of seven years before rescinding the contract is not an unreasonable delay where he is anxious to acquire the property and does not elect to rescind the contract until he learns that the property has been sold to another person, whereupon he acts immediately by commencing suit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.